[Martin v. Jefferson County.]

# Martin v. Jefferson County.

*Assumpsit for Work and Labor, &c.*

1. *Solicitors' reports to attorney-general.*—The preparation of the reports each solicitor is required to make to the attorney-general is a duty having reference to the suppression of crime, within the meaning of the act of February 18, 1891 (Acts 1890–91, p. 1148).

2. *Clerical assistance to solicitor.*—The preparation of the solicitors reports to the attorney-general by a person specially employed for that purpose, the solicitor having at the time no regularly employed, or other ˙ cler⊀ in his office." is the rendition of services "necessary to aid the solicitor in the proper administration of the law" within the meaning of the act of February 18, 1891 (Acts 1890–91, p. 1148).

3. *Same; compensation of clerk or assistant.*—A clerk employed by a solicitor to make out reports to the attorney-general, although the reports, so prepared, were for years previous to the act of February 18, 189 (Acts 1890-91, p. 1148), and should have been made by the solicitor during those years, is entitled to compensation, therefor, out of the fund provided by said act.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WILLIAM W. WILKERSON.

This was an action brought by the appellant against the appellee on a verified account, for services rendered the solicitor for Jefferson county as clerk. There was judgment for the defendant and plaintiff appeals.

Payment for the services alleged to have been rendered to the solicitor is claimed by the act of the General Assembly, approved February 18, 1891. The provisions of this act necessary to an understanding of the decision are sufficiently stated in the opinion.

There was no question raised, nor was it denied, that provision for the services contemplated by the act had been made by the county commissioners, and the only question presented by this appeal was the liability of the county to pay the claim by reason of the fact that the work done for which compensation was asked, was the making out of the annual reports by the solicitor to the attorney-general, which reports should have been made before the passage of the act. The other facts are sufficiently stated in the opinion.

DANIEL A. GREENE, for the appellant.

[Martin v. Jefferson County.]

McCLELLAN, J.—The Act of February 18, 1891—Acts 1890-1, p. 1148—requires the Commissioner's Court of Jefferson county to appropriate $3,000 *per annum* out of the residue of solicitor's fees paid into the treasury and remaining after the payment of the solicitor's salary, "for assistance to the solicitor in the suppression of crime." What manner of assistance in the suppression of crime the legislature intended to provide is indicated in section 2 of the act which confers upon the solicitor authority "to employ a competent attorney to assist him in the prosecution of crime in said county and to employ a clerk or stenographer in his office" each to be paid out of the appropriation required by the act, and by the *proviso* to that section to the effect that such payment shall only be made upon the affidavit of the solicitor that the services were necessary to aid him in the proper administration of the law. It is clear that the purpose in part of the statute was to furnish the solicitor with clerical assistance in the discharge of the duties of the office. The preparation of the reports which each solicitor is required to make to the attorney-general is a clerical duty imposed upon the solicitor, is a duty having reference to the suppression of crime and its performance is necessary in the proper administration of the law by that officer; it is a law which he is required to execute and administer. It cannot be doubted that the preparation of these reports by a person specially employed to that end, the solicitor having at the time no regularly employed, or other "clerk in his office," would be the rendition of services "necessary to aid the solicitor in the proper administration of the law." Indeed we do not understand this proposition in the abstract to be questioned in the present case; but it is insisted that services rendered after the passage of the act and after the appropriation required by it had been made in the preparation of reports for the two years just preceding the enactment, which reports should have been prepared and filed during those years respectively, should not be compensated under this act and out of the fund provided by it, and on this theory, plaintiff's demand being for the preparation of reports for antecedent years, judgment was rendered by the court below, without jury, for the defendant. We do not think this theory is tenable. Though the solicitor had been remiss in the preparation of these reports at the time the law required, the duty was still upon him and its performance was still necessary in the proper administration of the law. It is probable that his inability to promptly perform all the duties of his office,

clerical and professional, without assistance, that he was not up and could not keep up with the business of the office unaided, was the prime consideration leading to the enactment of the statute of 1891, and it may well be that this very matter of his inability to administer and execute the law in respect of making reports to the attorney general, and the fact that the reports for the two preceding years were yet unprepared, were in the minds of the law-makers, and were intended to be subserved by the act passed. Certainly, in our opinion, the services rendered in the preparation of these reports are within both the spirit and the letter of the law ; and they should be paid for accordingly.

The judgment of the city court is reversed and a judgment will be entered here for the plaintiff in the amount sued for with interest from September 6, 1892.

Reversed and rendered.